IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF IOWA

RECEIVED DEC 13 2019 CLERK OF DISTRICT COURT SOUTHERN DISTRICT OF IOWA

UNITED STATES OF AMERICA,
           Plaintiff,

v.

                                        Case No. _____

ROBERTO GALLARDO CHAVEZ,
           Defendant/Movant,            RE: Criminal No. 99-65


MOTION FOR REDUCTION OF SENTENCE UNDER
18 U.S.C. §3582(c)(1)(A)(i) and §3582(c)(1)(B)
PURSUANT TO THE FIRST STEP ACT

Movant, Roberto Gallardo Chavez, hereinafter known as Chavez, moves this Court for a reduction of a problematic prison sentence with the application, consideration and understanding afforded to Chavez under, "extraordinary and compelling reasons", which warrant a reduction of Chavez's sentence in compliance with 18 U.S.C. §3582(c)(1)(A)(i).

Chavez also invokes this courts consideration of this Motion for Reduction of Sentence under 18 U.S.C. §3582(c)(1)(B), which permits this court to; "modify an imposed term of imprisonment to the extent otherwise expressly permitted by statue/law."

This court, pursuant to the enactment of the First Step Act now has statutory authority to reduce Chavez's 2000 sentence of Life Without Parole, to a reduced sentence in compliance with 18 U.S.C. §3553(a) factors and the change(s) in law since Chavez's January 28th, 2000 sentencing.

CASE HISTORY

On July 14th, 1999 Chavez was indicted in a Four Count Superseding Indictment in the Southern District Court of Iowa.

    COUNT ONE - charged, "From an exact date unkown to the grand jury
               but beginning by at least in or about August 1997, and
               continuing to on or about March 5, 1999, in the Southern
               District of Iowa and elsewhere, two or more persons,

known and unknown to the Grand Jury, including but
not limited to defendant, ROBERTO GALLARDO CHAVEZ,
did conspire to commit an offense against the United
States, namely to knowingly and intentionally distribute
at least one kilogram of methamphetamine, a Schedule II
controlled substances, in violation of Title 21, United
States Code, Section 841(a)(1). This is in violation of
Title 21, United States Code, Section 846."

COUNT TWO - charged, "In or about August 1997, in the Southern District
of Iowa, defendant, ROBERTO GALLARDO CHAVEZ, did knowingly
and intentionally distribut to Javier Mayorga Rodriguez at
least 100 grams of methamphetamine, a Schedule II controlled
substance. This in violation of Title 21 United States Code,
Section 841(a)(1)."

COUNT THREE - charged, "On or about November 20, 1997, in the Southern
District of Iowa, defendant, ROBERTO GALLARDO CHAVEZ, did
knowingly and intentionally distribute to Javier Mayorga
Rodriguez at least 100 grams of methamphetamine, a Schedule
II controlled substance. This in violation of Title 21
United States Code, Section 841(a)(1)."

COUNT FOUR - charged, "On or about March 5, 1999, in the Southern District
of Iowa, defendant, ROBERTO GALLARDO CHAVEZ, did knowingly
and intentionally possess with intent to distribute at least
500 grams of methamphetamine, a Schedule II controlled substance.
This is in violation of Title 21, United States Code, Section
841(a)(1).

Chavez went to trial on all four counts in October 1999. The trial jury found Chavez guilty on all four (4) counts.

In January 2000, this court at sentencing applied a level 38 drug quanitity to Chavez, with a four (4) level enhancement as a leader of a criminal activity, and an additional two level enhancement for obstruction of justice, (for taking the stand and testifying in his behalf of his innocense). Which give Chavez a Total Level by the Sentencing Court of 44 with a Criminal History catagory of "0" (Zero). Chavez had no criminal history.

Whereupon the court sentenced Chavez with a Life Sentence on Count No. 1, with another Life Sentence on Count No. 2, and also Life Sentences on Counts No. 3 and 4. With all Life Sentences to run concurrently and term of Five Years of Supervised Release on each count to run concurrently with one another.

Chavez hereby moves for a reduction of his Four concurrent Life Sentences to todays standard sentencing practice applicable under statute and case law. Since, in January 2000 when Chavez was sentenced, under pre-Booker when Guidelines were mandatory and NOT advisory as they now are because of Booker. When the Guideline Sentences were mandatory Sentencing Judges did not have any discretion in sentencing as they now do.

Since the Honorable Harold D. Vietor, Senior Judge of this Court sentenced Chavez in January 2000 Federal Statute(s), applicable precedent case laws and penalties have change that "if" applied to Chavez would have a life changing effect upon the drastic Life Sentences that Chavez received.

On pages 27 and 28 of the Sentencing Transcript from January 28, 2000 the Honorable Harold D. Victor expressed the fact that Chavez should not receive a Life Sentence, but his hands were tied and he had to follow the law as is set forth from pages 27 and 28;

> "THE COURT: The jury heard the evidence in this case, the evidence presented by the Government, the evidence presented by the defendant, and the jurors unanimously found that the Government had proved its case on all four counts beyond a reasonable doubt and found the defendant guilty on all four counts, and there certainly was adequate evidence to allow the jury to reach that verdict.
> On sentencing, we do not question the jury verdict. That is the province of the jury to determine guilt or innocence. The jury found the defendant guilty, and the defendant will be sentenced accordingly and <u>in accordance with the sentencing laws</u> of the United States.
> Personally, I find a sentence of Life Imprisonment to be unnecessarily harsh. I don't question that <u>a long sentence would be appropriate</u>, but I personally find <u>it unnecessarily harsh to imprison the defendant for LIFE.</u> (See Exhibit's "A","B","C").

At that time in January 2000, the Honorable Harold D. Vietor's hands were tied, time changes things as time has certainly changed the drug laws and applicable sentences since January 2000. With SCOTUS's ruling and holding on June 26th, 2000, (just FIVE months after Chavez's sentence), in Apprendi v. New Jersey, 530 US 466, 120 S.Ct. 2348, 147 L.Ed2d 435; (requires that any facts that increase the prescribed range of statutory penalties for a criminal defendant be submitted to a jury and proved beyond a reasonable doubt, 530 U.S. at 490.) In application and compliance with Alleyne v. United States, 570 US 99, 133 S.Ct. 2151, 186 L.Ed.2d 314 (2013) (extended the requirement to facts that increase a mandatory minimum sentence, 570 U.S. at 103.)

The Federal Courts have held that in Order to seek enhanced penalties based on DRUG QUANTITIES under 21 U.S.C. §841, the Government must STATE the quantity in the indictment and submit it to the jury for a finding of proof beyond a reasonable doubt. United States v. Doggett, 230 F.3d 160, 164-65.

It is Chavez's position if the Honorable Judge Harold D. Vietor had to sentence Chavez today under current precedent case law and statutes, Judge Vietor would issue

or impose a sentence or sentences in compliance with all current case laws, USC Statutes, and penalty guidelines.

In consideration of **Apprendi** and **Alleyne** holdings a sentencing court can only sentence a defendant on the amount of drugs charged in defendants indictment. In Chavez's indictment Chavez was charged with a total of Seven Hundred (700) Grams of Methamphetamine, (which breaks down to 100 grams - Count Two, 100 grams - Count Three, and 500 grams - Count Four). This Seven Hundred (700) grams are part of the; "at least one kilogram of Methamphetamine" as charged in Count One under the conspiracy charge.

Based solely on the total amount of Methamphetamine charged in Counts 2,3, and 4 for a grand total of seven hundred (700) grams of Methamphetamine as found by the trial jury in the jury's guilty verdict, Chavez is only responsible for the amount the trial jury found Chavez guilty of.

Under application of the 1998 DRUG QUANITY TABLE with Chavez having a "0" (Zero) Criminal History Category, Chavez would be classified at Level 32 - "At least 700 G but less than 1 KG of Methamphetamine". The additional six (6) points the court assigned to Chavez would raise the OFFENSE LEVEL to 38 for a Sentencing Guideline Sentence of 235 - 293 for a correct sentence in 1998 for the amount of drugs the jury found Chavez guilty of. However, in 2014 under Amendment 782, the court would have to reduce Chavez's LEVEL from 38 down to 36, giving Chavez a guideline range of 188 - 235 months.

Chavez would also be applicable for reconsideration of the two (2) point increase for "obstruction of justice" due to his testimony in his case that he was innocent.

For the court to actually apply and increase Chavez's sentence by two levels for obstruction of justice based upon his own testimony of his innocence at trial was an application of injustice which deprived Chavez of Due Process Equal protection in violation of Chavez's Constitutional Rights to be duly informed of the possible consequence of his actions. As stated in United States v. Davis, 974 F.2d 182, 187, 297 U.S.App.D.C. 396 (D.C. Cir. 1992)("Indeed, ther are circumstances when WARNINGS about the possibility and CONSEQUENCE of perjury charge are warranted-even prudent); United States v. Blackwell, 694 F.2d 1325, 1334, 224 U.S.App.D.C. 350 (D.C. 1982)("It is not improper per se for a trial court judge or prosecuting attorney to advise prospective witnesses of the penalties for testifying falsely.")

In this "case" Chavez testifed truthfully to his involvement, and the United States government did not prove that Chavez was not framed by "others" to improve their deal with the government, and the government would have no motive to prove that Chavez was framed.

JUDICIAL NOTICE of truth:!!!! How many DEATH ROW inmates that TESTIFIED at

their MURDER trials that they were NOT the murderer and that they did NOT kill the dead victim get convicted by the jury because the Trial Jury did NOT believe them and years later to be vindicated and PROVED innocent from DNA evidence?

Under the misapplication of Federal Rules the Federal Courts would have increased these "convicted" mens sentences for "obstruction of justice", because they took the witness stand and professed their innocence, yet the jury did not believe them, and on that asumption alone the court infered an "obstruction of justice" two level increasement.

"IF", Chavez's own testimony was an "obstruction of justice" then it failed to obstructed any justice, because Chavez was found GUILTY by the trial jury. So justice was served in Chavez's case. Only if Chavez was truely guilty and his testimony caused the jury to return a Not Guilty Verdict then would Mr. Chavez be guilty of obstruction of justice.

With the Courts failure, and the failure of the defense attorney or prosecuting attorney to WARN Chavez that the court could increase Chavez's sentence by two (2) levels if the jury did not believe him deprived Chavez of "knowingly and/or intentionally" obstruct justice. (Emphasis Added).

Therefore, this Honorable Court should also remove or reduce Chavez's Offense Level by two (2) points for the "obstruction of justice" enhancement level of two (2) levels.

If the court does this, then it would reduce Mr. Chavez's previous level of 36 with the application of Amendment 782 down to Level 34 with a guideline range of 151-188.

ARGUMENT

The FIRST STEP ACT expanded the "safety valve" under 18 USC §3553(f) to "allow" a court to impose a sentence below the statutory mandatory minimum for an otherwise eligible drug offender who has THREE or FEWER criminal history points, and the First Step Act incorporated a life sentence to twenty five (25) year sentence.

In consideration of especially 18 USC §3553(a)(2)(A) of the need for the sentence imposed...to reflect the seriousness of the offense, to promote respect for the law, and to provide JUST punishment for the offense, and in consideration of 18 USC §3553(a)(6) of the need to avoid unwarranted sentence disparities amoung defendants with similar records who have been found guilty of similar conduct, as well as applicable Sentencing Commissions Policy Statements and Sentencing Commission Amendments applicable to Chavez since Chavez's sentening in January 2000, have his sentence reduced down to level 34 and sentenced within that range due to the facts

5

as set forth previously and hereafter.

Pursuant to the FIRST STEP ACT many Circuit Courts are now exercising the option opened up to them in the application of 18 U.S.C. §3582(c)(A)(1)(i) "catch-all" provision of, "extraordinary and compelling reason" that does expand in language beyond the just Medical, age or family. As has been applied to cases such as: United States v. Urkevich, (No. 8:03-cr-37), 2019 WL 6037391 (D. Neb. Nov. 14, 2019) (to reduce a petitioner's sentence under the new standard set forth for 18 USC §924(c)(1)(C) as it now exists on "stacking rules"; United States v. Brown, (No. 4:05-cr-00227-1), WL 4942051 (S.D. Iowa Oct. 8, 2019)("the injustice of facing a term of incarceration forty years longer than Congress NOW DEEMS WARRANTED for the crimes committed...a reduction in sentence was warranted by the 'injustice of facing a term of incarceration forty years longer than Congress now deems warranted for the crimes committed'").

New legislation and new precedent cases laws that have been enacted since Chavez's sentence in January 2000 would bar Chavez from receiving a Life Sentence for distribution of at least one kilogram of methamphetamine in a conspiracy, or a Life Sentence for distribution of at least 100 grams of methamphetamine in Counts 2 and 3, or a Life Sentence for possession of 500 grams of methamphetamine.

The combined total for Counts 2, 3, and 4 would total 700 grams and be applicable under 21 USC §841(b)(1)(A)(viii) for a mixture of 500 grams or more of methamphetamine. Which by law would expose Chavez's to a sentence of imprisonment of not less than 10 years or more than life if death or serious bodily injury results from the use of such substance.

A total of 700 grams of methamphetamine where no death occurred and no serious bodily injury resulted by todays legal standards would comport to the NEW standards being set by Congress as reflected with the enactment of THE FIRST STEP ACT in part to; "decrease the number of people caged in our overcrowded prisons largely because of the War On Drugs, and save taxpayer dollars." (See United States v. Allen, No. 3:96-cr-00149, 2019 WL 1877072, at *3(D.Conn. Apr. 26, 2019): Simons 375 F.Supp. 3d at 389.

JUDICIAL NOTICE *** "[A] new rule for the conduct of criminal prosecutions is TO BE APPLIED RETROACTIVELY to all cases, state or federal, pending on direct review or not yet final." Griffith v. Kentucky, 479 U.S. 314, 328, 93 L.Ed.2d 649, 107 S.Ct. 708 (1987). Chavez was sentenced on January 28th, 2000, Apprendi was decided on June 26, 2000, which was less than Five (5) months after Chavez was sentenced and Chavez's conviction in June 2000 was not yet final, so Apprendi would be applicable to Chavez retroactively and this court should apply Apprendi, Blakely v. Washington, 542 US 296, 159 L.Ed,2d 403, 124 S.Ct. 2531; and Alleyne v. United States, 570 US 99, 133 S.Ct. 2151, 186 L.Ed.2d 314 to Chavez.

Chavez asserts affirmatively the applications of 18 U.S.C. §3582(c)(1)(A)(i) to the Four Life Sentence he received in January 2000 in comparison to precedent case laws and changes in Federal Statutes since January 2000 do exhibit "extraordinary and compelling reasons" in the pursuit of Justice and Equal protection to REDUCE Chavez's sentence to reflect todays sentencing practices.

Chavez also invokes and applies 18 U.S.C. §3582(c)(1)(B) to; "modify an imposed term of imprisonment to the extent otherwise expressly permitted...".

The enactment into law of the First Step Act enlarged the Federal Courts to expand 18 U.S.C. §3582(c)(1)(A)(i) beyond Medical, Age or Family to a "catch-all" that is applicable to cases where "extraordinary and compelling reason" exists for consideration due to the presented FACTS upon which relief and a reduction of sentence is warranted.

As of this month Chavez will have served over twenty one (21) years on this sentence.

THEREFORE, Chavez moves for this court to reduce his sentence to a level 34 guideline sentence, or in the alternative to time served with immediate release.

For the GRANTING of this MOTION FOR REDUCTION OF SENTENCE UNDER 18 U.S.C. §3582(c)(1)(A)(i) and §3582(c)(1)(B) PURSUANT TO THE FIRST STEP ACT, Chavez shall ever pray.

Respectfully Submitted,

*Roberto Galloydo Chavez*

Roberto Gallardo Chavez
Reg. No. 05752-030
Federal Correctional Institution
P.O. Box 9
Mendota, California 93640

This 9th day of December 2019.

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF IOWA
CENTRAL DIVISION

FILED
DES MOINES, IOWA
00 MAR -1 PM 1:21
CLERK U.S. DISTRICT COURT
SOUTHERN DISTRICT OF IA

```
- - - - - - - - - - - - - X
UNITED STATES OF AMERICA,  :
                           :
        Plaintiff,         :
                           :
vs.                        :   Criminal No. 99-65
                           :
ROBERTO GALLARDO CHAVEZ,   :   SENTENCING TRANSCRIPT
                           :
        Defendant.         :
- - - - - - - - - - - - - X
```

Courtroom, Second Floor
U.S. Courthouse
123 East Walnut Street
Des Moines, Iowa
Friday, January 28, 2000
1:30 p.m.

BEFORE: THE HONORABLE HAROLD D. VIETOR, Senior Judge.

APPEARANCES:

For the Plaintiff:    DEBRA L. SCORPINITI, ESQ.
                      Assistant U.S. Attorney
                      U.S. Courthouse Annex
                      110 East Court Avenue, Suite 286
                      Des Moines, Iowa  50309-2053

For the Defendant:    WILLIAM A. PRICE, ESQ.
                      974 73rd Street, Suite 22
                      Des Moines, Iowa  50312-1000

# ORIGINAL

KELLI M. MULCAHY - CERTIFIED SHORTHAND REPORTER

173

EXHIBIT " A "

27

of his life in prison, absent some positive result on an appeal, and, as such, a fine would be most inappropriate.

THE COURT: Thank you.

Mr. Gallardo, is there anything you wish to say to me yourself before I impose sentence on you, anything that you want me to consider?

THE DEFENDANT: The only thing is that I will have a sentence for life, and I don't have anything to do with this, and they destroyed the life of all my family, and that's it.

THE COURT: Thank you.

Ms. Scorpiniti.

MS. SCORPINITI: Nothing further, Your Honor.

THE COURT: The jury heard the evidence in this case, the evidence presented by the Government, the evidence presented by the defendant, and the jurors unanimously found that the Government had proved its case on all four counts beyond a reasonable doubt and found the defendant guilty on all four counts, and there certainly was adequate evidence to allow the jury to reach that verdict.

On sentencing, we do not question the jury verdict. That is the province of the jury to determine guilt or innocence. The jury has found the defendant guilty, and the defendant will be sentenced accordingly and in accordance with the sentencing laws of the United States.

Personally, I find a sentence of life imprisonment to

EXHIBIT " B "

be unnecessarily harsh. I don't question that a long sentence would be appropriate, but I personally find it unnecessarily harsh to imprison the defendant for life.

But it is my responsibility to impose the sentence provided by law, and that, of course, is what I will do. It is the responsibility of others to modify or temper the law, if they believe it appropriate to do so. The law in this case requires a life sentence, and that is what it will be.

Would you come forward, please.

The defendant is hereby committed to the custody of the United States Bureau of Prisons to be imprisoned for a total term of life in prison on counts one, two, three, and four to run concurrently with one another.

The defendant does not have a personal drug abuse problem, does he?

MR. PRICE: He maintains he does not, Your Honor.

THE COURT: Does the defendant have any particular area of the country where he would hope to be located?

MR. PRICE: Earlier he asked that I request that he be placed in the California area. He does request to be placed in the lower California area.

THE COURT: Which California? Lower?

MR. PRICE: Lower California, the Los Angeles area.

THE COURT: Southern California?

MR. PRICE: Southern California, yeah.

EXHIBIT " C "

Roberto G. Chavez
Reg. No. 05752-030
Fed. Correctional Institution
P.O. Box 9
Mendota, California
                    93640

X-RAYED & CLEARED BY U.S.M.S.



TUE 10 DEC 2019 PM

SPECIAL MAIL

Clerk of the Court
United States Courthouse
P.O. Box 9344
Des Moines, IA
                50309 - 2035